```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| TIJUANA L. CANDERS,<br><br>                    Plaintiff,<br><br>    -against-<br><br>DAVID C. FORBES; TRACEY FORBES;<br>RAIMA FORBES,<br><br>                    Defendants. | 23-CV-0457 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants infringed on the copyright of her work, *We See Differently*, and her registered trademark, *You Are Loved in Christ*. By order dated January 26, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the action, with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

Plaintiff brings this copyright and trademark infringement action against three individuals who reside in Ohio: Pastor David C. Forbes, Pastor Tracy Forbes, and Raima Forbes. The following facts are drawn from the complaint. From March 3, 2020, through the present, in New York, Connecticut, and Ohio, as well as electronically, Defendants have infringed on Plaintiff's copyright and trademark. She alleges that "[t]he excel files for illegal emails, publishing, and website Platforms for business will be provided upon evidence entry. The files are under

investigation for review."[1] (ECF 2, at 7.) Plaintiff describes David and Tracey Forbes as "abusers," and Raima Forbes as a "copyright violater, email illegal entry." (*Id.* at 5.) Her injuries include mental, emotional, and physical abuse. She seeks money damages and "the fine of 46 billion dollars unless meeting with the Courts and Clergy to rectify a substantial lower amount." (*Id.* at 7.)

Plaintiff attaches to the complaint a Certificate of Registration for her work, *We See Differently*, and the registration of the mark, *You Are Loved in Christ*.

On November 28, 2022, Plaintiff filed a substantially similar complaint, regarding the same copyright and trademark, that the Court dismissed on January 23, 2023.[2] *See Canders v. MSN Online News*, ECF 1:22-CV-10090, 12 (S.D.N.Y., order of dismissal issued, Jan. 23, 2023) ("*Canders I*"). Plaintiff filed three pleadings before the Court dismissed the action.[3] In her original complaint, she named MSN Online News ("MSN") and Yahoo Online News ("Yahoo"). *See Canders I* (Doc. No. 2). On December 6, 2022, she filed an amended complaint naming MSN and Yahoo, as well as Satya Nadella, Apollo Global Management, Jerry Yang, and David Filo. *Id.* (Doc. No. 6.) And in her third pleading, filed on January 20, 2023, she dropped the defendants named in the original and amended complaints, and named Tera Carissa Hodge, Robbin Capellan and JeLenny Vasquez. *Id.* (Doc. No. 12.) She identified Hodge as a producer, Capellan as being in publicity, and Vasquez as a holder of a PhD.

---

[1] All spelling, grammar, punctuation, and capitalization are as in the original, unless noted otherwise.

[2] Plaintiff also filed a duplicate submission of this action that was opened as a new civil action, and that the Court dismissed as duplicative on February 3, 2023. *See Canders v. Forbes*, ECF 1:23-CV-0532, 2 (S.D.N.Y. Feb. 3, 2023).

[3] Plaintiff filed an amended complaint and a second amended complaint before the Court issued its order of dismissal.

In its January 26, 2023, order, dismissing the claims asserted in *Canders I*, the Court granted Plaintiff 30 days' leave to amend. On that same day, she filed a notice of interlocutory appeal. *See* ECF 1:22-CV-10090, 15. That appeal is pending.

## DISCUSSION

In *Canders I*, the Court noted that Plaintiff "lack[ed] standing to cause the criminal prosecution of others." *Id.* (Doc. No. 12, at 4) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Accordingly, the Court dismissed her claims seeking the prosecution of the defendants for lack of subject matter jurisdiction. The Court directed Plaintiff's attention to *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012), which held that when a plaintiff lacks Article III standing to assert a claim, a federal court does not have subject matter jurisdiction of such a claim.

The Court then addressed Plaintiff's copyright and infringement claims, dismissing these claims for failure to state a claim, based on Plaintiff's omission of any facts describing how the defendants infringed on her copyright or trademark.

For the same reasons set forth in *Canders I*, the Court dismisses Plaintiff's claims here that seek the criminal prosecution of Defendants. *See* Fed. R. Civ. P. 12(h)(3) (federal rule of procedure requiring courts to dismiss an action for lack of subject matter jurisdiction). The Court also dismisses Plaintiff's copyright and infringement claims because the complaint filed in this action suffers from the same deficiencies as the pleadings filed in *Canders I*. Rather than providing concrete examples of infringement, Plaintiff states only "excel files for illegal emails, publishing, and website Platforms for business will be provided." (ECF 2, at 7.) This statement does not suggest that Defendants infringed on Plaintiff's protected work or trademark. The Court therefore dismisses Plaintiff copyright and infringement claims for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's complaint *could* be cured with an amendment, the Court grants Plaintiff 30 days' leave to amend her complaint. Should Plaintiff file a notice of interlocutory appeal in response to this order, as she did in *Canders I*, however, the Court will direct the Clerk of Court to enter judgment.

## WARNING

In light of the similarity between this action and *Canders I*, the Court warns Plaintiff that should she continue to file duplicate actions regarding her copyright and trademark, without asserting any facts in support of her claims, the Court will direct her to show cause why she should not be barred from filing future actions IFP regarding her copyright or trademark, without leave of court.

## CONCLUSION

The Court dismisses Plaintiff's claims seeking the criminal prosecution of Defendants for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h). The Court also dismisses Plaintiff's copyright and infringement claims for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

If Plaintiff does not file an amended complaint within the time allowed, or cannot show good cause as to why to excuse such failure, the Court will enter judgment dismissing Plaintiff's claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. If Plaintiff files an interlocutory appeal in response to this order, the Court will direct the Clerk of Court to enter judgment.

The Court warns Plaintiff that future duplicate actions will result in an order directing her to show cause why she should not be barred from filing such actions IFP, without leave of court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  May 30, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                           Chief United States District Judge